IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10342
(Summary Calendar)

_____

JIMMY D. EDWARDS,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(98-CV-253)
--------------------
September 11, 2000

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jimmy D. Edwards appeals the magistrate judge's dismissal with prejudice of his complaint challenging, under 42 U.S.C. § 405(g), the Commissioner of Social Security's denial of Edwards's application for disability insurance benefits and Supplemental Security Income.

On appeal, Edwards argues, as he did in the district court, that his case should be remanded to the Commissioner for the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consideration of new evidence. Edwards has not shown, however, that the district court erred in denying that motion.

Edwards also challenges, as unsupported by substantial evidence, the ALJ's determination that his impairments do not meet the criteria for the listed impairment of mental retardation/autism as set forth in 20 C.F.R. Part 404, Subpt. P, App. 1, 12.05(C). The Commissioner's judgment that Edwards does not meet such criteria is supported by substantial evidence and is therefore affirmed.

Edwards next argues that the ALJ's determination that jobs exist in the national economy that Edwards can perform is not supported by substantial evidence because the hypothetical presented to the vocational expert did not encompass all of his limitations. The ALJ properly included in the hypothetical question reference to each of the limitations that he recognized., and Edwards was given an opportunity to ask the vocational expert any additional questions he deemed important. Accordingly, the hypothetical question was not deficient. See Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994).

It is clear from Edwards's appellate brief that he is actually challenging, as unsupported by substantial evidence, the ALJ's assessment of Edwards's residual functional capacity ("RFC"). We have reviewed the record and conclude that in assessing Edwards's RFC, the Commissioner failed to perform an analysis considering the criteria set forth in 20 C.F.R. § 404.1527(d)(2) before declining to give controlling weight to the treating physician's opinion that

2

Edwards could not perform the lifting requirements of light work and was limited by additional non-exertional impairments. Neither did the ALJ seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e) before declining to give his medical opinion controlling weight. The district court's judgment as to this issue is therefore reversed, and the case is remanded with instructions that the district court remand the case to the Commissioner for further consideration consistent with our opinion in Newton v. Apfel, 209 F.3d 448, 453-58 (5th Cir. 2000).

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.